# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2012

No. 11-11057
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LINDA M. NELSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-268-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Linda M. Nelson challenges her within-Guidelines-range sentence of 50-months' imprisonment, imposed following her guilty-plea conviction of conspiracy to commit bank fraud. *See* 18 U.S.C. § 1349. Nelson contends the district court erred by, pursuant to Sentencing Guideline § 3B1.3, increasing her offense level by two, after finding she abused a position of private trust in a manner that significantly facilitated the commission of her offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11057

Although post-*Booker,* the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Here, review is only for clear error. *E.g.*, *United States v. Pruett*, 681 F.3d 232, 248 (5th Cir. 2012) ("A district court's application of [Guideline §] 3B1.3 is a sophisticated factual determination that an appellate court reviews for clear error." (internal alterations and quotations marks omitted)). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Cisneros-Gutierrez*, 517 F.3d at 764 (internal quotation marks omitted).

American National Bank of Texas (ANB) employed Nelson as a marketing communications specialist. In that capacity, Nelson, *inter alia*, worked with marketing vendors and advertising agencies and communicated with ANB branches regarding their marketing needs. She would take requests from the branches for marketing products and services, order those needed, and submit the vendors' invoices to ANB's accounts-payable department. Nelson was required to have invoices of $1,000 or less approved by her supervisor; those over $1,000, approved by a more senior supervisor.

In January 2005, Nelson began submitting fictitious invoices with her supervisor's forged signature. Nelson kept the amount of each fraudulent invoice below $1,000, and thus had to forge only her supervisor's signature, and not that of a more senior supervisor. Between January 2005 and July 2006, Nelson created and submitted over 300 fraudulent invoices, resulting in a loss to ANB of over $275,000.

In calculating Nelson's total offense level, the district court applied, over Nelson's objections, the above-described two-level increase under Guideline

§ 3B1.3 for abusing a position of private trust.  Nelson maintains the district court erred when it interpreted § 3B1.3 "to apply on the basis of mere knowledge".  In that regard, she contends:  she possessed nothing more than knowledge of the bank's operations; and this knowledge alone did not merit application of the offense-level increase.

Nevertheless, the district court found that it was Nelson's *position*, as a liaison between ANB and marketing vendors, *combined* with her specialized knowledge of ANB's invoice-process for marketing services, that provided her with the means and discretion to submit and receive payment for fraudulent invoices.  Nelson has failed to show the district court *clearly erred* in finding that these facts merited imposition of the two-level increase under Guideline § 3B1.3. *See United States v. Ehrlich*, 902 F.2d 327, 330-31 (5th Cir. 1990) (similar facts).

AFFIRMED.